UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------ X
PRECISIONWORKS MFG, LLC, et al., :
 :
                                      Plaintiffs, :        22 Civ. 8290 (LGS)
 :
           -against- :       ORDER
 :
UNION FUNDING SOURCE, INC., et al., :
 :
                                 Defendants. :
------------------------------------------------------------------ X

LORNA G. SCHOFIELD, District Judge:

       WHEREAS, on October 17, 2022, Defendant Fundamental Capital LLC ("Fundamental") moved pursuant to the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 et seq. for an order dismissing the action against Fundamental in its entirety, or in the alternative, staying proceedings, in favor of arbitration.

       WHEREAS, "[t]he FAA embodies a national policy favoring arbitration founded upon a desire to preserve the parties' ability to agree to arbitrate, rather than litigate, [their] disputes." *Doctor's Assocs., Inc. v. Alemayehu*, 934 F.3d 245, 250 (2d Cir. 2019) (alteration in original) (internal quotation marks omitted). Any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration. *Daly v. Citigroup Inc.*, 939 F.3d 415, 421 (2d Cir. 2019).

       Prior to compelling arbitration, the district court must first determine two threshold issues: (1) whether the parties agreed to arbitrate, and (2) the scope of that agreement. *Id.* In evaluating whether the parties have entered into a valid arbitration agreement and their intent, the court must "apply ordinary state-law principles that govern the formation of contracts." *DDK Hotels, LLC v. Williams-Sonoma, Inc.*, 6 F.4th 308, 317 (2d Cir. 2021) (quoting *First Options of Chi., Inc. v. Kaplan*, 514 U.S. 938, 943 (1995)).

Court proceedings must be stayed once the district court is "satisfied that the parties agreed to arbitrate *that dispute*." *Cooper v. Ruane Cunniff & Goldfarb Inc.*, 990 F.3d 173, 179 (2d Cir. 2021) (emphasis in original). In deciding this issue, courts apply a "standard similar to that applicable for a motion for summary judgment." *Id.* at 179-80. Courts must "consider all relevant, admissible evidence submitted by the parties and contained in pleadings, depositions, answers to interrogatories, and admissions on file, together with . . . affidavits," and must "draw all reasonable inferences in favor of the non-moving party." *Id.* at 180. "Where the undisputed facts in the record require the matter of arbitrability to be decided against one side or the other as a matter of law, [a court] may rule on the basis of that legal issue and avoid the need for further court proceedings." *Starke v. SquareTrade, Inc.*, 913 F.3d 279, 288 (2d Cir. 2019).

WHEREAS, Plaintiffs entered into a merchant cash advance agreement (the "MCA Agreement") with Fundamental, which was in effect at the relevant time. Section 4.11 of the MCA Agreement provides, in relevant part:

> 4.11 **Arbitration**. *Notwithstanding the foregoing, any dispute, claim or controversy arising out of or relating to this agreement or the guaranty(s) herein, or the breach of any of the said agreement, security agreement or the guaranty(s), shall be, at the election of either party, settled by arbitration* administered by Mediation and Civil Arbitration, Inc. d/b/a RapidRuling (www.rapidruling.com), or any other forum FC shall choose, in accordance with its Commercial Arbitration Rules effective at the time a claim is made, and judgment on the award rendered by the arbitrator(s) may be entered in any court having jurisdiction thereof. Arbitrators shall be appointed by RapidRuling or other such chosen forum. The place of arbitration shall be New York, New York and any hearing shall be held via video or telephone conference. The parties agree that no objection shall be taken to the decision, order or award of the tribunal following any such hearing on the basis that the hearing was held by video or telephone conference. [Emphasis added.]

WHEREAS, the MCA Agreement evinces the unambiguous intent to arbitrate Plaintiffs' dispute as to all claims against Fundamental. Under New York contract law,[1] the following

---

[1] New York substantive law governs the validity of the arbitration clause at issue because the parties' submissions assume that it does. *See In re Snyder*, 939 F.3d 92, 100 n.2 (2d Cir. 2019)

2

principles are relevant to interpreting an arbitration agreement: (1) a contract must be read as a whole to ensure undue emphasis is not placed upon particular words or phrases; (2) a court should construe a contractual agreement so as to give full meaning and effect to its material provisions; (3) a reading of the contract should not render any portion meaningless and (4) the contract should be read as a whole, with every part interpreted with reference to the whole. *Wilson v. PBM, LLC*, 140 N.Y.S.3d 276, 283 (2d Dep't 2021). "The fundamental, neutral precept of contract interpretation is that agreements are construed in accord with the parties' intent." *Id.* Here, all three of Plaintiffs' claims -- for violations of 18 U.S.C. § 1961 et seq. and breach of contract -- "aris[e] out of or relat[e] to" the MCA Agreement. Plaintiffs do not dispute this point.

WHEREAS, Plaintiffs argue that they should not be compelled to arbitrate because the MCA Agreement is unconscionable. That argument fails. "A challenge to the validity of a contract as a whole, and not specifically to the arbitration clause within it, must go to the arbitrator, not the court." *Buckeye Check Cashing, Inc. v. Cardegna*, 546 U.S. 440, 440 (2006); *see also Haymount Urgent Care PC v. GoFund Advance, LLC*, 22 Civ. 1245, 2022 WL 6994507, at *5 (S.D.N.Y. Oct. 12, 2022) ("Reserving for the arbitrator the initial determination as to whether an allegedly void agreement is in fact void makes sense, because the whole point of the arbitration provision is to decide in which forum claims should be made and arguments decided. Allowing such a claim to proceed in court would therefore frustrate the arbitration agreement.").

Plaintiffs, in the alternative, argue that (i) the arbitration clause is invalid for failing to provide a fair and unbiased forum and (ii) that there are parties associated with Fundamental and part of the alleged RICO enterprise that are not bound by the arbitration agreement (i.e. the John

---

("[I]mplied consent is . . . sufficient to establish the applicable choice of law[.]") (quoting *Trikona Advisers Ltd. v. Chugh*, 846 F.3d 22, 31 (2d Cir. 2017)).

and Jane Doe investors, officers and brokers).  These arguments are similarly unconvincing.  Plaintiffs offer no evidence of a non-neutral forum.  That the arbitration company was "unilaterally selected by Fundamental" and is a "fairly new company . . . which seems to have appeared in recent years with the proliferation of MCA agreements" casts little, if any, doubt on the fairness of the forum.  Plaintiffs' remaining argument concerning third parties is inapposite.  The motion to compel arbitration before the Court applies only to the action between Plaintiffs and Fundamental.  The arbitration agreement is not being applied, by equitable estoppel or otherwise, to non-signatories.  For the foregoing reasons, it is hereby

**ORDERED** that Fundamental's motion to compel arbitration is GRANTED, and the case against Fundamental is STAYED.  **Sixty days** after the date of this Order, and every **sixty days** thereafter, Plaintiffs and Fundamental shall file a joint letter apprising the Court of the status of any arbitration.  The parties are directed to inform the Court promptly of any resolution of the arbitration proceedings or any other event that would affect the stay of this matter.  It is further

**ORDERED** the temporary restraining order dated October 18, 2022 (the "TRO") shall remain in effect as to Fundamental until (i) the arbitration has commenced and the arbitrator has ruled on the TRO or any similar injunctive relief as to Fundamental or (ii) the TRO or any successive preliminary injunction is lifted by this Court as to Fundamental.

The Clerk of Court is respectfully directed to close the motion at Dkt. No. 27.

Dated: October 25, 2022
       New York, New York

                                              **LORNA G. SCHOFIELD**
                                        **UNITED STATES DISTRICT JUDGE**